

# THE ATTORNEY GENERAL
## OF TEXAS

Grover Sellers          AUSTIN 11, TEXAS

XXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

State Board of Education          Opinion No. O-7362
Austin, Texas                     Re:  Investment of State
                                       Permanent. Free School
Attention:                             Fund in U. S. bonds.
Hon. Ted R. Alexander
Bond Investment Adviser

Dear Sir:

   We have received your letter of September 11, 1946, which is quoted, in part, as follows:

   "Under Article 2669, Revised Civil Statutes of 1925, as amended by Chapter 278, Acts of the Regular Session of the Forty-first Legislature, the State Board of Education is authorized and empowered to invest the Permanent Free School Fund of the State 'in bonds of the United States, ***'. Articles 2670 through 2675, inclusive, also relate to the investment of the Permanent School Fund by the State Board of Education.

   "Offerings of other eligible and desirable securities have declined to such an extent that there is now a cash balance in the Permanent School Fund of over $11,000,000.00 which the Board is desirous of investing in short-term bonds of the United States. In order to purchase United States Government Bonds at this time, however, the Board must go into the 'open market' and purchase from agencies other than the United States Government. This brings up the following question upon which I have been authorized and directed to request your opinion.

   "1. Is the State Board of Education authorized and empowered to purchase United States government bonds for the Permanent School Fund from agencies other than the United States Government?"

   Section 4 of Article 7, Constitution of Texas, under which authority the statutes providing for investment of the Permanent Free School Fund were enacted, reads in part, as follows:

". . . The Comptroller shall invest the proceeds of such sales and of those heretofore made as may be directed by the Board of Education herein provided for in the <u>bonds of the United States</u>, the State of Texas, or counties in said State, or in such other securities and <u>under such restrictions as may be prescribed by law</u>; . . ." (Emphasis added)

Article 2669 of Vernon's Annotated Civil Statutes reads as follows:

"The State Board of Education is authorized and empowered to invest the permanent public free school funds of the State in bonds of the United States, the State of Texas, or any county thereof, and the independent or common school districts, road precincts, drainage, irrigation and levee districts in this State, and the bonds of incorporated cities and towns, and obligations and pledges of the University of Texas."

It is seen that the authority for the investment of the fund in bonds of the United States is authorized both by the Constitution and by the law enacted in pursuance thereof. It is, therefore, necessary that we examine the statutes to determine whether there are "restrictions" which would prohibit the purchase of such bonds from other than the United States Government itself.

Article 2670 provides for the examination by the Attorney General of bonds of certain named subdivisions of the State. Article 2671 outlines the conditions under which such bonds may be purchased. Article 2672 provides that where such issuing agencies have received the proceeds derived from the sale of the bonds, they shall thereafter be estopped from denying the validity of such obligations. Article 2673 grants an option to purchase such bonds to the Board of Education. It is our understanding that a part of Article 2673 gives rise to the question under consideration. That part reads as follows:

". . . If said Board shall refuse to purchase bonds, obligations or pledges from such county, city, precinct or district or the University of Texas or the parties to whom the same were issued, then in no event shall said Board purchase them from any subsequent owner or holder of the same."

The query now resolves itself as to whether Article 2673 requires that bonds of the United States be purchased directly from the issuing agency (i.e., the Federal Government).

Article 2675 provides as follows:

"The provisions of the six preceding articles (Articles 2669-2674, inclusive) shall extend to any bonds or securities <u>other than the bonds of the State or of the United States</u>, in which the public school funds are or may be invested, as is or may be authorized or prescribed by law, and also to any bonds or securities purchased with any of the permanent funds set apart for the support, maintenance and improvement of any asylum or other institution of this State." (Parenthetical insertion and emphasis added)

This statute, therefore, expressly excludes bonds of the United States from the provisions of Articles 2669 to 2674, inclusive. Hence, the prohibition quoted above from Article 2673 is not applicable in any sense to such bonds.

The logic of excepting United States government bonds from these restrictions is evident. In the first place, the State of Texas could have no power or authority relating to the issuance of Federal bonds. In the second place, if the obligations of the United States did not remain inviolate, could it be said that any other obligations would be effective?

The Board of Education had constitutional and statutory authority to invest the Permanent Free School Fund in bonds of the United States, and the Legislature has placed no restriction upon such investment. The school fund has now built up a balance of several millions of dollars. At this time the only way in which United States government bonds may be purchased is through non-governmental agencies. Should this fund remain idle and make no earning because of this fact? We think not. The Constitution and the laws of Texas do not require that these bonds be purchased from the Government; yet, the Board of Education is empowered to purchase such bonds. We think that this grant of power necessarily carries with it the authority to make it effective.

You are, therefore, advised that it is the opinion of this department that the State Board of Education in the exercise of its discretion is authorized and empowered to purchase United

States government bonds from agencies other than the United States Government.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ George W. Sparks
George W. Sparks, Assistant

APPROVED SEP 17, 1946
/s/ Carlos Ashley
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
BY:       GK, CHAIRMAN

BWS:bw:wb